UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BETTY J. VARDIN** | **CIVIL ACTION** |
| **VS.** | **NO. 14-CV-2729** |
| **MAGELLAN, ET AL.** | **SECTION "C"** |

### ORDER AND REASONS[1]

Before the Court are Motions to Dismiss pursuant to Rules 12(b)(6) and/or 12(b)(1) of the Federal Rules of Civil Procedure by defendants Terrebonne Parish Consolidated Government (incorrectly referred to as "Terrebonne Parish" and "City of Houma"), Michel Claudet, in his official capacity (incorrectly referred to as "Terrebonne Parish President Michelle Claudia"), Houma Police Department, Chief of Police Todd Duplantis, Officer Kyle Faulk, Officer Milton Wolf, Officer Richard Hunter, Officer Jeffrey Jackson, Officer Christina Payne, Officer George Jones, Officer Kurt Wolfertz, Officer Jerome Deville, Officer Dawn Celestine, Detective Dana Coleman, Internal Affairs Officer Terry Buquet (incorrectly referred to as "Internal Affair Buquet"), Jim Shaheen, Compass Behavior Center, Mark Cullen, Ashley Champagne (incorrectly referred to as "Ashlee Champange"), Brenda Johnson, Tyrone & Lucille Tillman (incorrectly referred to as "Tyron & Lucille Tillman"), Dr. Richard Dalton, Dr. Craig Coenson,

---

[1] Andrew Lombardo, a second year student at Tulane Law School, helped prepare this order.

1

Magellan Healthcare (incorrectly referred to as "Magellan Behavior"), and Pamela Dupont, N.P. d/b/a/ Pamela Dupont Psychiatric Services, L.L.C. (incorrectly referred to as "Pamela Dupont, N/P"). Rec. Docs. 38, 43, 56, 58, 66, 79, 91, 104. The motions are before the Court on the briefs without oral argument. Considering the record, the law, and the submissions of the parties, IT IS HEREBY ORDERED that the defendants' motions are GRANTED in part and DENIED in part.

## I.  BACKGROUND

While the Court has struggled to form a coherent narrative from the factual allegations contained in plaintiff's complaint, this case appears to have arisen from a neighborly dispute between plaintiff and defendants Tyrone and Lucille Tillman. Rec. Doc. 6. Plaintiff, Betty J. Vardin, who brings this action *pro se*, alleges that the Tillmans have engaged in an array of offenses against her and her family including stealing, 'tapping' her home phone, and burning lead-based paint near her home. Rec. Doc. 6 at 2. Further, it is plaintiff's contention that the Tillmans are part of a broader conspiracy involving nearly each of the named defendants to harass her and her family and to label her mentally ill. Rec. Doc. 6.

Plaintiff alleges a great variety of events that have been perpetrated against her as part of this conspiracy, mostly arising from her interactions with members of the Houma Police Department and Compass Behavior Center. Rec. Doc. 6. She details multiple instances of being taken into custody by police officers on the basis of her mental illness and, on one occasion, being taken to Compass Behavior Center for treatment. Rec. Doc. 6 at 4, 5, 6, 7. The nexus between the events alleged and many of the named defendants is tenuous and at times contradictory. In fact, plaintiff admits in subsequent pleadings that she has never met, interacted with, or used the services of multiple defendants. Rec. Docs. 54, 77, 81, 83, 87, 97.

The Court has further struggled to identify the relief that plaintiff seeks based on her pleadings. In her original complaint, plaintiff requests a number of remedies including clearing her name of association with mental illness, a demand that all parties involved be arrested for attempted murder, mental anguish and stalking, and monetary and punitive damages for her and her family. Rec. Doc. 6-1 at 11. Plaintiff has subsequently made a demand for $4,000,000 in a Motion for Default Judgment against defendant Pamela Dupont, N.P. Rec. Docs. 102, 109. Although she states that she belongs to a Native American tribe, plaintiff does not allege that she has suffered any injury as a result of discrimination for being Native American and makes no demand for relief to that end. Rec. Doc. 6 at 8.

Defendants have filed multiple Motions for a More Definite Statement, which the Court has noticed for submission/hearing. Rec. Docs. 57, 65, 94, 114, 128. Unfortunately, plaintiff's various attempts to restate her claim have not clarified her original complaint. Additionally, plaintiff has filed multiple Motions for Default Judgment, which the Clerk of Court has deemed as deficient. Rec. Docs. 50, 88, 89, 113. The Clerk of Court has granted one Motion for Entry of Default as to defendant Pamela Dupont, N.P. Rec. Doc. 89. However, a Motion to Set Aside Default Judgment and to Dismiss for Failure to State a Claim by Ms. Dupont is currently pending before the Court. Rec. Doc. 104.

## II.  STANDARD OF REVIEW

A Motion to Dismiss under Rule 12(b)(1) may be granted "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.,* 143 F.3d 1006, 1010 (5th Cir. 1998). Dismissal for lack of subject matter jurisdiction because of the inadequacy of the federal

claim is proper when the claim is so insubstantial, implausible or completely devoid of merit as not to involve a federal controversy. *ACS Recovery Services, Inc. v. Griffin,* 723 F.3d 518 (5th Cir. 2013). The burden lies with the party invoking jurisdiction of the court. *Thomson v. Gaskill,* 315 U.S. 442, 446 (1942).

A Motion to Dismiss under Rule 12(b)(6) may be granted where a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows that court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The well-pleaded factual allegations of the complaint, taken as true, must raise the plaintiff's right to recover above the speculative level. *Twombly,* 550 U.S. at 555-56. Facts from which the court could infer the mere possibility of liability will not suffice. *Ashcroft,* 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)). On a Motion to Dismiss, the court must take all well-pleaded factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. *In re Katrina Canal Breaches Litig.,* 495 F.3d. 191, 205 (5th Cir. 2007). Nevertheless, "conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by document appended to complaint." *Associated Builders v. Ala. Power Co.,* 505 F.2d. 97, 100 (5th Cir. 1974).

### III.  LAW AND ANALYSIS

As a threshold matter, the court interprets pleadings and briefs of pro se litigants liberally "to afford all reasonable inferences which can be drawn from them." *In re Tex. Pig Stands, Inc.,* 610 F.3d. 937, 941 n.4 (5th Cir. 2010).

Plaintiff has filed this action under the jurisdiction of this Court pursuant to 42 U.S.C. §1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . .

42 U.S.C. §1983. The Fifth Circuit has held:

> To state a claim under §1983, a plaintiff must allege facts tending to show (1) that he has been deprived of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was caused by a person or persons acting under color of state law.

*Bass v. Parkwood Hosp.,* 180 F.3d. 234, 241 (5th Cir. 1999) (internal quotation marks omitted).

### 1. **Dismissal for Failure To State A Claim Upon Which Relief Can Be Granted.**

The Court finds that plaintiff has failed to sufficiently state a claim against defendants Coenson, Dalton, Cullen, Champagne, Johnson, Shaheen, Compass Behavior Center, Magellan Healthcare, and Terrebonne Parish Consolidated Government. In order to survive a motion to dismiss, the complaint must include enough factual detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555. The above defendants argue that Plaintiff's complaint does not allege facts showing that any of these defendants have harmed her in a legally cognizable manner. The Court agrees, and finds that plaintiff has indeed failed to state a valid claim upon which relief can be granted. Thus, the Court GRANTS the defendants' Motions and DISMISSES WITH PREJUDICE plaintiff's claims as to these defendants.

### 2. **Dismissal for Lack Of Subject Matter Jurisdiction.**

The Court finds that it lacks federal subject matter jurisdiction over plaintiff's claims against defendants Tyrone & Lucille Tillman and Pamela Dupont, N.P. Ms. Dupont has argued

that the Court lacks subject matter jurisdiction in her Motion to Dismiss. Rec. Doc. 104 at 2. We agree. Furthermore, where the issue of subject matter jurisdiction is not raised by the parties, the Court has a duty to inquire into the adequacy of its own jurisdiction *sua sponte*. *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 919 (5th Cir. 2001). Since federal courts are courts of limited jurisdiction, absent jurisdiction conferred by statute, federal courts lack the power to adjudicate claims. *Stockman v. Federal Election Comm'n,* 138 F.3d 144, 151 (5th Cir. 1998). Therefore, the party seeking to invoke the jurisdiction of a federal court carries the burden of proving its existence. *Stockman,* 138 F.3d at 151.

Plaintiff has filed this action under the federal question jurisdiction of this Court pursuant to 42 U.S.C. §1983. However, her factual allegations against the Tillmans and Ms. Dupont do not amount to a concrete allegation that she has been deprived of any right secured by the Constitution or federal law. Rather, plaintiff seems to allege what are state law claims against the Tillmans and Ms. Dupont. This Court declines to exercise supplemental jurisdiction over such claims.

Accordingly, the Court finds that plaintiff has failed to state a claim under §1983, and without any other basis for jurisdiction, the claims against these defendants are DISMISSED. The Court also orders the Default Judgment against Ms. Dupont set aside for good cause.

   3. **Plaintiff's Claim of Unlawful Arrest**

Plaintiff alleges that she was taken into custody on multiple occasions by the Houma Police Department on the basis of her mental health. Rec. Doc. 6 at 4, 5, 6. Notably, she has alleged that on one such occasion she was subjected to what appears to have been an unlawful arrest by defendant Officer Kirk Wolfertz. Rec. Doc. 6 at 6. Plaintiff alleges that she was "picked up" without probable cause or a warrant and told by Officer Wolfertz that she was being taken to

Compass Behavior Center, but instead was subjected to an intimidating detour into rural Terrebonne Parish before finally being dropped off at Compass Behavior Center to the care of Pamela Dupont, N.P. Rec. Doc. 6 at 7.

In her complaint, plaintiff has named a number of public officials, law enforcement officers, and local government entities as defendants in connection with her alleged unlawful arrest. Rec. Doc. 6. It is the Court's finding that plaintiff's claims against defendants Houma Police Department; Terrebonne Parish Consolidated Government; and Chief of Police Todd Duplantis, in his official capacity must be dismissed for failure to state a claim pursuant to the civil liability standard for local and municipal governments established in *Monell v. Department of Social Services of City of New York*. In *Monell*, the U.S. Supreme Court held that local governments cannot be held liable under §1983 for constitutional deprivations effected by their individual employees in their official capacities absent a showing that the pattern of behavior alleged arose from "the execution of a government's policy or custom." 436 U.S. 658, 694 (1978). Such a custom need not have "received formal approval through the body's official decisionmaking channels" if it is clear, as stated by Mr. Justice Harlan, that such practices are "so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 167-68 (1970). To succeed on a *Monell* claim, the plaintiff must establish: 1) an official policy or custom, of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom. *Valle v. City of Houston,* 613 F.3d 536, 541-42 (5th Cir. 2010). It is this Court's finding that plaintiff has failed to establish any of these requisite elements. Moreover, the Court notes that the Houma Police Department is not the proper party as it is not a legal entity and therefore lacks the capacity to be sued. *See Dean v. Barber,* 951 F.2d 1210, 1214

7

(5th Cir. 1992) (holding that County Sheriff's Department is not a legal entity and, therefore, is not subject to suit or liability under section 1983). Instead, the Court interprets this claim as against the Terrebonne Parish Consolidated Government. Accordingly, plaintiff's §1983 claims against the Houma Police Department; Terrebonne Parish Consolidated Government; and Chief of Police Todd Duplantis, in his official capacity must be DISMISSED.

Despite the *Monell* issues previously discussed, the Court finds that plaintiff may nonetheless proceed with her claims against Chief of Police Todd Duplantis; Detective Dana Coleman; and Officers Kyle Faulk, Milton Wolf, Richard Hunter, Jeffrey Jackson, Christina Payne, George Jones, Kurt Wolfertz, Jerome Deville, Dawn Celestine, and Internal Affairs Officer Terry Buquet, in their individual capacities. In spite of defendants' Motions to Dismiss, the Court finds that plaintiff has sufficiently alleged the personal involvement of the named law enforcement officials in her complaint in order to withstand dismissal. Rec. Doc. 6 at 3-7. Furthermore, defendants have not raised a defense of qualified immunity, which shields "a government official from civil liability for damages based upon the performance of discretionary functions if the official's acts were objectively reasonable in light of then clearly established law." *Atteberry v. Nocona General Hosp.,* 430 F.3d 245, 253 (5th Cir. 2005). When a defendant invokes qualified immunity, the burden then shifts to the plaintiff to show the inapplicability of the defense. *Id.* at 253. However, as no defendants have raised such a defense at this time, the Court DENIES defendants' Motions to Dismiss. Thus, defendants' Motions to Dismiss are DENIED.

## IV. CONCLUSION

Accordingly,

8

IT IS ORDERED that:

- Defendants' Motion to Dismiss (Rec. Doc. 38) is GRANTED in part and DENIED in part. The Motion is GRANTED and claims DISMISSED WITH PREJUDICE with respect to defendants Terrebonne Parish Consolidated Government; Michel Claudet, in his official capacity; Houma Police Department; and Chief of Police Todd Duplantis, in his official capacity. The Motion is DENIED with respect to defendants Chief of Police Todd Duplantis, in his individual capacity; Detective Dana Coleman; and Officers Kyle Faulk, Milton Wolf, Richard Hunter, Jeffrey Jackson, Christina Payne, George Jones, Kurt Wolfertz, Jerome Deville, Dawn Celestine, and Internal Affairs Officer Terry Buquet.

- The Motion to Dismiss by defendant Jim Shaheen is GRANTED and plaintiff's claims against Shaheen are DISMISSED WITH PREJUDICE. (Rec. Doc. 43)

- The Motion to Dismiss by defendants Compass Behavioral Center, Mark Cullen, and Ashley Champagne is GRANTED and the claims against them are DISMISSED WITH PREJUDICE. (Rec. Doc. 56)

- The Motion to Dismiss by defendant Brenda Johnson is GRANTED and the claims against her are DISMISSED WITH PREJUDICE. (Rec. Doc. 58)

- The Motion to Dismiss by defendant Richard Dalton, M.D. is GRANTED and the claims against him are DISMISSED WITH PREJUDICE. (Rec. Doc. 66)

- The Motion to Dismiss by defendants Tyrone & Lucille Tillman is GRANTED and the claims against them are DISMISSED WITHOUT PREJUDICE. (Rec. Doc. 79)

- The Motion to Dismiss by defendants Craig Coenson, M.D., and Magellan Healthcare, Inc. is GRANTED and the claims against them are DISMISSED WITH PREJUDICE. (Rec. Doc. 91)

- And finally, the Motion to Dismiss by defendant Pamela Dupont, N.P. d/b/a Pamela Dupont Psychiatric Services, L.L.C. is GRANTED and the claims against Dupont are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 17th day of June 2015.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE